SUAREZ, J.
JP Morgan Home Finance, LLC, (“JP Morgan”), appeals the entry of an order of dismissal for lack of prosecution, as well as an order denying its motion to vacate the dismissal order. On April 16, 2012, the trial court entered a notice of lack of prosecution in the underlying mortgage foreclosure suit pursuant to Florida Rule of Civil Procedure 1.420(e).[1] The docket re- *637 fleets that JP Morgan then filed a motion to substitute the party plaintiff, which was granted by order of the court. On May 16, 2012, thirty days after the notice was issued, JP Morgan filed a showing of good cause as to why the action should not be dismissed for lack of prosecution. JP Morgan’s counsel then attended the hearing on the court’s motion to dismiss on June 28, 2012. However, an order of dismissal was entered that same day. This order was followed by an ancillary order stating the trial court would consider JP Morgan’s motion to vacate dismissal if it filed a notice of readiness for trial or noticed a summary judgment hearing within ten days. JP Morgan has timely appealed these orders.
The Florida Supreme Court has held that under the 2006 amendments to Rule 1.420(e) any filing of record within the sixty-day grace period precludes dismissal. Chemrock Corp. v. Tampa Elec. Co., 71 So.3d 786, 792 (Fla.2011). The record reflects that JP Morgan made multiple filings within the relevant sixty-day period, including a showing of good cause. There is no transcript of the June 28 hearing and no other record evidence to explain the trial court’s reasoning for entering the order of dismissal or the ancillary order. Moreover, the appellee has failed to file an answer brief or memorandum of points. However, the conditions imposed in the ancillary order suggest the trial court sought to encourage active record activity and hasten resolution on the merits. The supreme court has expressly rejected this distinction between active and passive record activity, stating:
By creation of the sixty-day grace period, it was not our intention to create a situation in which the plaintiff or the trial court must again guess at what type of record activity will be required. ... [T]he bright-line interpretation ..., under which any filing of record is sufficient to preclude dismissal, applies....
Id. The trial court erred by dismissing the action where the plaintiff made a timely filing of record.
REVERSED and REMANDED with instructions to vacate the order of dismissal and reinstate the action.

. Rule 1.420(e) states:
In all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months, and no order staying the action has been issued nor stipulation for stay approved by the court, any interested person, whether a party to the action or not, the court, or the clerk of the court may serve notice to all parties that no such activity has occurred. If no such record activity has occurred *637 within the 10 months immediately preceding the service of such notice, and no record activity occurs within the 60 days immediately following the service of such notice, and if no stay was issued or approved prior to the expiration of the 60-day period, the action shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
Fla. R. Civ. P. 1.420(e) (2011) (emphasis added).